Kenneth A. **GREENE**

v.

**PENNSYLVANIA BOARD OF LAW EXAMINERS; Supreme Court of Pennsylvania; and Patrick Tassos, as Executive Director, Pennsylvania Board of Law Examiners.**

Civ. A. No. 90–4631.

United States District Court, E.D. Pennsylvania.

Nov. 26, 1990.

Kenneth A. Greene, Philadelphia, Pa., pro se.

Howard M. Holmes, Administrative Office of Pa. Courts, Philadelphia, Pa., for defendants.

OPINION AND ORDER

VAN ANTWERPEN, District Judge.

The plaintiff, Kenneth A. Greene, is an applicant for admission to the bar of the Supreme Court of Pennsylvania. In this action, plaintiff Greene makes a constitutional attack upon the procedures used by defendants Pennsylvania Board of Law Examiners and Executive Director Patrick Tassos and promulgated by defendant Supreme Court of Pennsylvania (collectively "Defendant Law Examiners") for resolving nonscholastic questions of character and fitness for the practice of law in Pennsylvania. At this point in time, we feel we should dismiss plaintiff's suit as moot.

To understand our dismissal on the grounds of mootness, it is necessary to review the factual and procedural history of the case. Plaintiff timely submitted his application to sit for the July 24–25, 1990, administration of the Pennsylvania Bar Examination.[1] In answering question 16 of the application, plaintiff admitted that he was in default to two creditors. By letter of April 20, 1990, Defendant Law Examiners advised plaintiff:

As a result of your answer to question 16, please provide the date that the obligation was incurred, the amount borrowed, the amount paid and what efforts

---

1. Applications were due on or before March 12, 1990.

have been made to repay the obligation. You will not be permitted to sit for the bar examination until this information is received and reviewed by the Board.

Complaint at ¶ 11 (quoting April 20, 1990, letter to plaintiff). Plaintiff mailed Defendant Law Examiners the requested information eight weeks later on June 15, 1990.

Three weeks later, by letter dated July 6, 1990, Defendant Law Examiners denied plaintiff's application for permission to sit for the summer 1990 Pennsylvania Bar Examination scheduled two-and-one-half weeks later on July 24–25. After quoting Pa.B.A.R. 203(a)(3),[2] the letter said, "The Board has determined that your outstanding loan obligations put your character in question." The letter also informed plaintiff of his right to a hearing and his right to review his file.[3]

On July 10, 1990, plaintiff telephoned Defendant Law Examiners to request a hearing and to schedule an appointment to review his file. Executive Director Tassos informed plaintiff that all hearing requests must be put in writing and that no hearing would be held until September 1990.[4] Plaintiff was permitted to examine his file the following morning. Besides copies of correspondence he had already received, plaintiff found nothing that explained why his outstanding loan obligations placed his character in question.

Plaintiff thereupon filed a motion for a temporary restraining order in this court on July 16, 1990, to compel Defendant Law Examiners to permit plaintiff to sit for the July 24–25, 1990, bar examination.[5] In a July 18, 1990, conference with the presiding emergency judge, (Reed, J.), Defendant

2. For permission to sit for the bar examination, Pennsylvania Bar Admission Rule 203 lists three requirements—an undergraduate degree or its equivalent, a law degree, and satisfactory character—the last of which motivated Defendant Law Examiners' denial of plaintiff's application:

    (3) ... prior conduct by the applicant *which in the opinion of the Board indicates character and general qualifications* (other than scholastic) *incompatible with the standards expected to be observed by members of the bar of this Commonwealth.*

Pa.B.A.R. 203(a)(3), *Pennsylvania Rules of Court* (West 1988) (emphasis added).

3. Pa.B.A.R. 213 sets out the procedure for appealing an initial determination of the Board:

    **(a) General Rule.** If, upon an initial review of an application filed under these rules and of any other related information available to the Board, the Secretary finds that the applicant does not appear to possess the fitness and general qualifications (other than scholastic) requisite for a member of the bar of the Commonwealth, the Secretary shall forthwith give the applicant notice of such finding in the manner prescribed by Board rule, and of the right of the applicant in the manner and within the time prescribed by Board rule to request a hearing before the Board.

    **(b) Hearing.** *Within 30 days after the receipt of the request of an applicant for a hearing under this rule the Board shall hold a hearing at which the applicant shall be present.* The applicant may be represented by counsel at the hearing. The applicant and the Secretary may subpoena and examine witnesses and offer such evidence as may be necessary for the Board to make a final determination upon the application. At any such hearing the Secretary shall present in full the

facts upon which the initial adverse finding was based and shall make available to the applicant and his or her counsel for inspection such portion of the record of the applicant bearing upon the issues before the Board as does not constitute confidential information or work product of the Secretary. If requested by the applicant, a stenographic or other verbatim record shall be made of any such hearing, but hearings before the Board shall not be open to the public.

Pa.B.A.R. 213, *Pennsylvania Rules of Court* (West 1988) (emphasis added).

4. The eight-week delay in returning the requested information undoubtedly made plaintiff's situation more time critical. In addition there were undoubtedly administrative demands on Defendant Law Examiners in July. Nevertheless, we note with some concern that Defendant Law Examiners' alleged representations to plaintiff as to the scheduling of his hearing did not comply with the thirty-day delay permitted by Pa.B.A.R. 213.

5. Plaintiff's motion for a temporary restraining order contained the following explanation of the circumstances surrounding his outstanding loan obligations.

    Plaintiff's outstanding debts are the result of the failure of the U.S. Merit Systems Protection Board to render a final decision in an appeal of plaintiff's separation from employment for which an initial decision favorable to plaintiff was rendered on December 19, 1986, or, alternatively, the failure of the federal government to pay to plaintiff the disability retirement annuity which it claims is due plaintiff based on the August 29, 1986 separation due to "disability retirement."

Motion at ¶ 30.

Law Examiners agreed to let plaintiff take the July bar examination with the release of his score conditioned upon a favorable review of his character. The parties also stipulated during the conference to the service of the complaint.[6]

In his complaint, plaintiff alleged *inter alia* that the rules and procedures followed by Defendant Law Examiners in denying his application and providing a hearing violated the Privileges and Immunities, Due Process, and Equal Protection Clauses of the fourteenth amendment and plaintiff's civil rights as guaranteed under 42 U.S.C. § 1983. Plaintiff sought declaratory and injunctive relief as well as costs, fees, and any damages the court saw fit to award.[7] Defendant Law Examiners never answered plaintiff's complaint and the motions to dismiss plaintiff's complaint under Fed.R. Civ.P. 12(b) were untimely filed.[8]

While the parties were filing their respective motions under Fed.R.Civ.P. 12, Defendant Law Examiners scheduled a hearing for plaintiff on October 17, 1990.[9] The hearing was held, and on October 25, 1990, Defendant Law Examiners informed plaintiff by letter:

> that upon further consideration of your application, your testimony and additional information submitted at the hearing, the Pennsylvania Board of Law Examiners had determined that the circumstances surrounding your outstanding loans no longer put your character in question. You sat for the July 1990 Bar Examination in Pennsylvania and your scores will be released along with those for all other bar exam candidates.

Defendants' Supplemental Memorandum of Law, Exhibit A. In light of the outcome of the hearing, Defendant Law Examiners filed a supplemental memorandum of law on November 2, 1990, in support of their earlier motion to dismiss. On November 7, 1990, this court held a telephone conference on the record at which time the court expressed its inclination to dismiss the case as moot. To this disposition we now turn.

■ As mootness is in essence a jurisdictional issue, the court may raise the issue *sua sponte. Jersey Central Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1107 n. 8 (3rd Cir.1985) (citing *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537, 98 S.Ct. 2923, 2927, 57 L.Ed.2d 932 (1978)). The Third Circuit has recognized, "the central question of all mootness problems is whether changes in circumstances that prevailed at the begin-

---

**6.** Plaintiff's complaint was docketed on August 6, 1990, after this court granted plaintiff leave to proceed *in forma pauperis.*

**7.** Plaintiff did not name in his complaint the parties from whom he sought monetary damages, and in the course of a November 7, 1990, telephone conference on the record, plaintiff relinquished his claim for damages. (Conference Transcript at 6.)

**8.** After service of the summons and complaint upon Defendant Law Examiners, they had twenty days within which to serve an answer or a motion raising preliminary defenses. Fed.R. Civ.P. 12(a). The parties stipulated to the service of the original complaint on July 18, 1990. Plaintiff served an amended complaint upon Defendant Law Examiners on August 9, 1990. Defendant Law Examiners never served nor filed a responsive pleading to either complaint. Furthermore, Defendant Law Examiners never petitioned the court for an extension of time in which to serve responsive pleadings or motions. Nevertheless, Defendant Law Examiners filed a motion to dismiss on September 11, 1990, thirty-three days after receipt of the amended complaint. Even assuming Defendant Law Examin-

ers did not receive the court's order reinstating the case until August 16, they were still late.

On September 24, 1990, plaintiff served and filed a motion to strike under Fed.R.Civ.P. 12(f). Under Local Rule 20, Defendant Law Examiners had ten days in which to respond to plaintiff's motion. They responded on October 18, 1990, well after the deadline.

**9.** On September 11, 1990, plaintiff had mailed Defendant Law Examiners a written request for a hearing. Defendant Law Examiners responded on October 4, 1990, with a hearing date of October 17.

On October 12, 1990, plaintiff again petitioned the court for a temporary restraining order. Plaintiff sought to compel Defendant Law Examiners to detail the procedures by which the hearing would be conducted and the basis on which they had previously concluded that plaintiff's outstanding loans made him unfit for admission to the bar. Plaintiff's motion was denied without prejudice, when it was agreed by Defendant Law Examiners that this information would be produced at plaintiff's first hearing, and that subsequent hearings could be held if necessary.

ning of the litigation have forestalled any occasion for meaningful relief." *Jersey Central Power & Light Co. v. State of New Jersey,* 772 F.2d 35, 39 (3rd Cir.1985). In the instant case, plaintiff no longer has a personal stake in the lawsuit. Plaintiff has been permitted to sit for the bar examination and his character has been cleared. No concrete, active controversy remains with Defendant Law Examiners in which to decide the constitutionality of their rules and procedures.

Plaintiff contends that his case is not moot for it falls within that exceptional group of cases that are "capable of repetition yet evading review." However, plaintiff has not met the requirements of this doctrine:

> [A] court may apply the rule permitting it to hear an otherwise moot case capable of repetition but evasive of review "only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983).

*Davis v. Thornburgh,* 903 F.2d 212, 222 (3rd Cir.1990). Plaintiff passed the July 1990 Pennsylvania bar examination.[10] The suggestion that plaintiff will again have his character scrutinized by Defendant Law Examiners is total speculation.

■ Finally, plaintiff argues that his case raises significant issues important to the public interest, and deserving of the court's attention. We agree. We have previously noted our concern over the timeliness of the hearing Defendant Law Examiners initially proposed. Nevertheless, the significance of an issue cannot alone provide a jurisdictional basis for an otherwise moot controversy. *Davis v. Thornburgh,* 903 F.2d at 222 n. 18 (citing *Murray v. Silberstein,* 882 F.2d 61, 67 (3rd Cir.1989)).

---

**10.** The court takes judicial notice of the Pennsylvania Board of Law Examiners' November 19, 1990, press release listing plaintiff Kenneth A. Greene among those applicants who passed the bar examination.